# Southern Railway Co. v. Parnell.

*Action against Railroad Company for killing Dog.*

1. *Action against railroad company for killing dog; evidence as to what plaintiff was offered for dog inadmissible.*—In an action against a railroad company to recover damages for the alleged killing of a dog, it is error for the court to allow the plaintiff to testify that a year or two before the dog was killed, he was offered $100.00 for it.

[Southern Railway Co. v. Parnell.]

APPEAL from the Circuit Court of Washington.

Tried before the Hon. WILLIAM S. ANDERSON.

This action was brought by the appellee, John W. Parnell, against the Southern Railway Company to recover $100.00 damages for the alleged killing of plaintiff's dog.

There was evidence introduced showing that plaintiff's dog was killed by one of the defendant's trains. During the examination of the plaintiff as a witness, and after he had testified that the value of the dog killed by the defendant's train was $100.00, it was allowed, against the objection and exception of the defendant, to further testify, "that one Bill Tate had offered him $100.00 for dog in question about a year or two before he was killed." It is unnecessary to set out the other facts of the case. There were verdict and judgment for the plaintiff assessing his damages at $25.00.

The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

KIMBROUGH & WILSON, and BESTOR & GRAY, for appellant. Appellee should not have been allowed to testify that Bill Tate offered him $100 for the dog a year or two before he was killed. (Record page 15.)—*Torrey v. Burney*, 113 Ala. 496 (505) ; *Louisville Jeans Clothing Co. v. Lischkoff*, 109 Ala. 136 (141). Tate's offer amounted to no more than an estimate placed on the dog by him and without showing that he knew the dog, or anything about the value of dogs.—*Pharr & Peck v. Bachelor*, 3 Ala. 337 (347).

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—The Circuit Court erred in receiving evidence to the effect that one Tate, two years before the dog was killed, had offered plaintiff one hundred dollars for it.—*Tennessee Coal, Iron & R. R. Co. v. State*, (Ala.), 37 South. 433. We discover no other error in the record.

Reversed and remanded.

TYSON, SIMPSON, and ANDERSON, J. J., concurring.